UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DAVID McALISTER,

        Petitioner,

v.                                                                    Case No. 09-CV-854
                                                                         (06-CR-142)

UNITED STATES OF AMERICA,

        Respondent.
_____

## ORDER

Petitioner David McAlister ("McAlister") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on September 8, 2009.[1] This court conducted an initial screening of the petition, as required by Rule 4 of the Rules Governing § 2255 proceedings. The court advised McAlister that four of his five claims are procedurally defaulted because he failed to raise the issues on direct review. The court also noted that McAlister's petition appeared to be untimely filed and ordered him to allege any tolling that may apply to his final claim for ineffective assistance of counsel. One week before his response was due, McAlister filed a motion for an extension of time. The court granted the motion and ordered McAlister to show

---

[1]McAlister also filed a motion for leave to proceed in forma pauperis. However, a review of his application and supporting documents reveals that the average balance in McAlister's prison account over the six months preceding his petition was $483.55. Therefore, McAlister fails to establish his inability to pay the nominal $5 filing fee and the court will deny his motion.

cause by December 21, 2009, why his petition was not untimely filed.[2] The court's order specified that no further extensions would be granted.

McAlister filed a response to the court's order on November 16, 2009, and makes arguments regarding the timeliness of his petition. McAlister argues that the statute of limitations on his habeas petition should be equitably tolled because he believed that his attorney had filed an appeal from his judgment of conviction, though no appeal was ever filed. McAlister further argues that the statute of limitations period should be tolled until the date he was released to federal custody because he was unable to conduct adequate legal research while in state custody. However, McAlister's arguments do not save his claims from dismissal for untimeliness.

A habeas petitioner filing a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must file within a specific period, or his petition will be dismissed as untimely. Section 2255 imposes a one-year limitation for filing that begins to run from the latest of the following dates: 1) the date on which the judgment of conviction becomes final; 2) the date on which the state impediment preventing the movant from making the motion is removed; 3) the date on which the right asserted was initially recognized by the Supreme Court; or 4) the date on which facts supporting the claim could have been discovered through the exercise of diligence. 28 U.S.C. § 2255(f).

---

[2]The court's November 5, 2009 order granting McAlister's request for an extension of time also specified that no further extensions would be granted. McAlister filed a response to the court's order within the time period allowed. He also filed a motion for leave to supplement, amend, and clarify his response to the court's order. Given that the court advised McAlister that he had until December 21, 2009, to file a response, and that no further extensions would be granted, the court will deny this motion.

-2-

McAlister suggests that the circumstances described in § 2255(f)(4) apply and that the statute of limitations begins to run from the date he entered federal custody. McAlister asserts that this transfer represents the earliest date he could have discovered the facts supporting his claims because it was the first opportunity he had to conduct adequate legal research. McAlister's argument fails because he was aware of the factual predicate of his claims long before he entered federal custody and conducted his legal research. McAlister's claims are premised upon Fourth Amendment violations occurring at the time of his arrest and upon his attorney's failure to raise these issues prior to entry of McAlister's guilty plea. Therefore, McAlister had already discovered all the facts supporting his claims at the time judgment was entered in 2007. The date of McAlister's transfer to federal custody is irrelevant.

Therefore, the one-year statute of limitations period for McAlister's petition began to run from the date his judgment of conviction became final. McAlister's judgment of conviction was filed on March 30, 2007, and he did not file an appeal. An unappealed federal criminal judgment becomes final for purposes of § 2255 when the ten-day period for filing a direct appeal expires. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). McAlister's judgment became final for § 2255 purposes on April 9, 2007, and the one-year statute of limitations period expired on

April 9, 2008. McAlister did not file his habeas petition until September 8, 2009, well beyond the one-year limitation period. Consequently, his petition is untimely.

McAlister makes a final attempt to excuse his untimely filing by arguing that the court should equitably toll the statute of limitations period. However, equitable tolling only applies when circumstances far beyond the petitioner's control prevented timely filing and it is granted only sparingly. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). McAlister first argues that he believed his attorney, Jeffrey Jensen, had filed an appeal. McAlister may be implying that he instructed Attorney Jensen to file an appeal, but he neglected to do so. However, such an assertion is contradicted by the facts before the court. During McAlister's sentencing hearing on March 29, 2007, the court informed McAlister of his appeal rights and directed counsel to file a letter with the court detailing the outcome of his conversation with McAlister regarding appeal. (*See* 06-CR-142, Hearing Minutes, Docket #32, at 1). Attorney Jensen later filed a Certification Regarding Appeal Rights with the court, stating that counsel had conferred with McAlister about his appeal rights and that McAlister did not intend to appeal. (*See* 06-CR-142, Docket #37). The certification further states that, as of the date of its filing, counsel had not received any communication from McAlister indicating that he had changed his mind regarding appeal. Finally, Attorney Jensen certifies that he mailed a paper copy of the certification to McAlister.

-4-

The court finds Attorney Jensen's certification that McAlister did not indicate a desire to appeal more credible than McAlister's implied claim that he instructed counsel to file an appeal. First, McAlister freely acknowledges that he has "no correspondence or other material to back up his claim." (Pet.'s Resp. at 1). McAlister can merely point to a document entitled "CJA 20: Appointment Of and Authority to Pay Court Appointed Attorney" and argue that he believed this document indicated that an attorney had been appointed for his appeal.

However, the CJA 20 document and McAlister's misplaced assumptions about it provide no support for his claim that he directed Attorney Jensen to file a notice of appeal. The CJA 20 was filed more than one year after McAlister's sentencing and the entry of his judgment (*See* Docket #40). Further, the document clearly appoints Attorney Jensen to represent McAlister on a motion for "Crack cocaine retroactive amendment," and not to represent McAlister on appeal (Id.). Attorney Jensen recently filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582 on McAlister's behalf. (Docket #44). This is the representation contemplated in the CJA 20 and the document provides no support for McAlister's argument.

Additionally, McAlister received a copy of the certification of appeal rights that Attorney Jensen filed with the court indicating that McAlister did not wish to file an appeal. Despite receiving this certification, McAlister made no attempt to contact the court and correct any alleged misunderstanding. He made no effort to pursue an appeal.

-5-

Finally, Attorney Jensen is an officer of the court and his certified statement averring that McAlister did not wish to pursue appeal is more credible than McAlister's self-serving suggestion that he asked Attorney Jensen to file an appeal. Attorney Jensen filed his statement shortly after McAlister's sentencing. In contrast, McAlister makes his claim for the first time two years after sentencing, and only in the context of dismissal of his habeas petition for untimeliness. The court does not credit McAlister's suggestion that counsel failed to file an appeal after McAlister requested that he do so. Therefore, the court will not excuse McAlister's untimely filing on this basis.

McAlister also argues that equitable tolling should apply to the statute of limitations because the county jails where he was housed did not have "the proper legal material needed to research and file a challenge to a federal sentence." (Pet.'s Resp., at 2). However, ignorance of the law, a limited education, and transfer between facilities do not constitute extraordinary circumstances warranting equitable tolling. *See United States v. Montenegro*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671, (7th Cir. 2001). The circumstances that McAlister describes do not warrant equitable tolling.

The court concludes that McAlister's habeas petition is untimely. McAlister filed his § 2255 petition more than one year after his judgment of conviction became final and he fails to establish extraordinary circumstances necessary for equitable

tolling of the statute of limitations. Further, as the court noted in its order dated October 7, 2009, the majority of McAlister's claims are also procedurally defaulted.

Accordingly,

**IT IS ORDERED** that McAlister's Motion to Vacate, Set Aside or Correct Sentence pursuant to § 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that McAlister's Motion for Leave to Proceed in Forma Pauperis (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that McAlister's Motion for Leave to Supplement, Amend and Clarify his Response (Docket #7) be and the same is hereby **DENIED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge