# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DAVID McALISTER,

            Petitioner,

v.                                              Case No. 09-CV-854
                                                                   (06-CR-142)

UNITED STATES OF AMERICA,

            Respondent.

_____

## ORDER

Petitioner David McAlister ("McAlister") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on September 8, 2009. This court conducted an initial screening of the petition, and concluded that four of McAlister's five claims were procedurally defaulted because he failed to raise them on direct review. The court also noted that McAlister's petition appeared to be untimely filed and ordered McAlister to show cause why his petition should not be dismissed on this basis by alleging any applicable statutory or equitable tolling. McAlister filed a response arguing that the statute of limitations on his habeas petition should be equitably tolled because he mistakenly believed that his attorney had filed an appeal from his judgment of conviction and because he was unable to conduct adequate legal research until transferred to federal custody. The court addressed McAlister's arguments and dismissed his habeas petition as untimely in an order dated December 28, 2009. That same day, McAlister filed a motion to "Amend and Clarify Petitioner's Original Motion and Response to Court Order for Showing of Equitable

Tolling." Because the motion merely reiterated McAlister's previous timeliness arguments and because the court had previously granted McAlister an extension with the warning that "no further extensions will be granted," the court denied his motion to amend on January 5, 2010.

Two months later, on March 2, 2010, McAlister filed a request for a certificate of appealability (COA). McAlister argues that the court should issue a COA because he instructed his trial counsel to file an appeal on his behalf, which counsel failed to do, because counsel did not explain McAlister's "right to challenge his Federal Sentence, in the form of a Writ of Habeas Corpus" to him, and because counsel failed to file an appeal from the denial of McAlister's motion to suppress evidence. (Pet.'s Mot. COA, at 1-2). The court will deny McAlister's request for a COA because it is not reasonably debatable that his petition was untimely filed.

A petitioner may not appeal a final order in a § 2255 proceeding without a COA. Fed. R. App. P. 22(b). The district court may only issue a COA to a petitioner if he makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The required showing for a COA also depends upon the basis for the court's decision on the petitioner's claims. Where a district court rejected the petitioner's constitutional claims on the merits, the petitioner must show that reasonable jurists would find the court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, where a court dismissed a petitioner's constitutional claim on procedural grounds, the

determination of whether a COA should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

McAlister cannot show that reasonable jurists would find the untimeliness of his § 2255 petition debatable. A habeas petitioner filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence must file his petition within a specific period of time. Section 2255 imposes a one-year statute of limitations that begins to run from the latest of the following dates: 1) the date on which the judgment of conviction becomes final; 2) the date on which the state impediment to making a motion is removed; 3) the date on which the right asserted was initially recognized by the Supreme Court; or 4) the date on which facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The statute of limitations on McAlister's petition begins to run from the date on which his judgment became final because the other events described in § 2255(f)(2-4) do not apply. McAlister does not allege any newly-recognized rights. He does imply that either § 2255(f)(2) or (4) are applicable because he lacked access to an adequate law library prior to his transfer to federal custody. However, the fact that

-3-

several of the institutions where he was confined have "virtually no federal law library" does not create a state impediment based on unconstitutional government action that prevented timely filing. McAlister initially cited *Bounds v. Smith*, which recognized a "fundamental right of access to courts" requiring prisons to provide adequate law libraries or legal assistance. 430 U.S. 817, 828 (1977). However, "*Bounds* did not create an abstract, free standing right to a law library." *Lewis v. Casey*, 518 U.S. 343 (1996). Instead, to state a *Bounds* claim, a petitioner must demonstrate that the alleged shortcomings in the library actually hindered his efforts to pursue a claim. *Id.* at 351. McAlister merely makes conclusory allegations that the law libraries he had access to were inadequate. This is insufficient.

Similarly, the date that McAlister gained access to a law library that he considered to be "adequate" does not constitute the date on which the facts supporting his claim could have been discovered through the exercise of due diligence. The facts underlying McAlister's claims were known to him at the time his judgment of conviction was entered. His claims are premised upon Fourth Amendment violations occurring at the time of his arrest and upon his attorney's failure to raise these issues before entry of his guilty plea. Thus, McAlister already possessed all the *facts* underlying his claims prior to his transfer to federal custody. The circumstances described in § 2255(f)(2-4) do not apply. Therefore, the statute of limitations on McAlister's claim begins to run from the date his judgment of conviction became final.

-4-

McAlister failed to file his habeas petition within one year of this date. McAlister's judgment of conviction was filed on March 29, 2007. He never appealed and the judgment became final 10 days later. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (finding that an unappealed judgment of conviction becomes final for § 2255 purposes 10 business days after entry, when the time for filing a direct appeal expires). Thus, the one year statute of limitations on McAlister's § 2255 petition expired in April 2008. McAlister did not file his § 2255 petition until September 3, 2009, more than one year too late.

Further, equitable tolling does not excuse his untimely filing. Equitable tolling of the statute of limitations is granted only sparingly and applies when circumstances far beyond the petitioner's control prevent timely filing. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). McAlister's assertions that the statute of limitations should be tolled because he did not have access to adequate legal reference materials or because he mistakenly believed that his attorney had filed a notice of appeal do not warrant the application of equitable tolling. Ignorance of the law and transfer between facilities do not constitute extraordinary circumstances warranting the application of equitable tolling. *See United States v. Montenegro*, 248 F.3d 585, 594 (7th Cir. 2001). Additionally, McAlister has nothing but his self-serving statement made years after his sentencing to establish that his attorney failed to file a notice of appeal after being instructed to do so. All other evidence suggests that McAlister never made such a request to his trial counsel. Indeed, McAlister's

attorney filed a certification with the court shortly after McAlister's sentencing specifically stating that counsel had discussed the issue of appeal with his client, and that McAlister had decided not to pursue an appeal. (See 06-CR-142, Docket #37). Further, McAlister never informed the court that, contrary to counsel's filing, he *did* wish to pursue an appeal.

This court's determination that McAlister's § 2255 petition is barred by the statute of limitations is not reasonably debatable. Therefore, the court is obliged to deny McAlister's request for a COA.

Accordingly,

**IT IS ORDERED** that the petitioner's request for a certificate of appealability (Docket #15) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge