# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

———————————————————————————

DAVID McALISTER,

        Petitioner,                              Case No. 09-CV-854

v.                                                    (06-CR-142)

UNITED STATES OF AMERICA,            Appeal No. 10-1578

        Respondent.

———————————————————————————

## ORDER

Petitioner David McAlister ("McAlister") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on September 8, 2009. McAlister's petition appeared untimely because he filed it more than one year after his March 2007 judgment of conviction became final. The court ordered McAlister to show cause why his petition should not be dismissed as untimely by asserting any applicable tolling or relevant facts demonstrating timeliness. In response, McAlister argued that the one-year statute of limitations should be equitably tolled because he mistakenly believed that his attorney had filed an appeal from his judgment of conviction, and because he was unable to conduct adequate legal research until transferred to federal custody. The court found that McAlister's proffered reasons did not justify equitable tolling and denied his petition on December 28, 2009.

McAlister subsequently appealed the court's decision and the court denied his request for a certificate of appealability. The court determined that its conclusion that McAlister's § 2255 petition was barred by the statute of limitations was not

reasonably debatable because the petition was filed more than one year after his judgment of conviction became final, and because equitable tolling did not apply. On March 25, 2010, McAlister filed a motion for leave to appeal in forma pauperis in the Seventh Circuit Court of Appeals, which the Seventh Circuit transferred to this court for a ruling.

A petitioner may proceed without the prepayment of fees if he submits an affidavit stating his assets and averring that he is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). A petitioner may not take an appeal in forma pauperis, however, if the district court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). An appeal is not taken in bad faith simply because the district court denied the petitioner a certificate of appealability. *See Walker v. O'Brien*, 26 F.3d 626, 632 (7th Cir. 2000). Instead, an appeal is not taken in good faith when the court finds that no reasonable person could suppose the appeal to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court finds that McAlister's appeal is not taken in good faith because no reasonable person could suppose it to have any merit. As this court explained in its order denying McAlister's request for a certificate of appealability, McAlister failed to file his petition within the one-year period of limitations and he presented no facts warranting the application of equitable tolling. Thus, McAlister's petition was untimely filed and no reasonable person could suppose otherwise. As the United States Supreme Court stated in *Slack v. McDaniel*:

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

529 U.S. 473, 484 (2000). The court, therefore, certifies that McAlister's appeal is not taken in good faith, pursuant to § 1915(a)(3), and will deny his motion to proceed in forma pauperis.

The court advises McAlister that the full filing fee for his appeal is due within fourteen days of this order and failure to pay may result in dismissal. 7th Cir. R. 3(b). However, Federal Rule of Appellate Procedure 24 permits McAlister to file a motion to proceed in forma pauperis in the Court of Appeals. McAlister must file such a motion within 30 days after the Clerk of the District Court provides notice that the district court denied his initial motion to appeal in forma pauperis. Fed. R. App. P. 24(a)(5).

Accordingly,

**IT IS ORDERED** that the petitioner's motion to appeal in forma pauperis (Docket #22) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge